UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KIM MILLBROOK,** : | |
| : | CIVIL ACTION NO. 3:22-2007 |
| **Plaintiff** : | |
| : | (JUDGE MANNION) |
| v. : | |
| **WARDEN BRADLEY,** *et al.*, : | |
| : | |
| **Defendants** : | |

**MEMORANDUM**

**I. Background**

Plaintiff, Kim Millbrook, an inmate formerly confined in the Canaan United States Penitentiary (USP-Canaan), Waymart, Pennsylvania[1], filed the above captioned Bivens[2] action, raising various First, Fifth and Eighth Amendment claims against the named Defendants. (Doc. 1).

Presently pending is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) and for summary judgment pursuant to Federal Rule of Civil Procedure 56, (Doc. 15), raising, *inter alia*, Millbrook's failure to exhaust his administrative remedies. On February 20, 2024, the Court issued an Order notifying the parties that, because Defendants raised the issue of whether Plaintiff exhausted his administrative remedies prior to

---

[1] Plaintiff is currently confined in the Davenport Work Release Center, Davenport, Iowa. (Doc. 39).

[2] Bivens v. Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

initiation of this action, as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e(a), in accordance with Paladino v. Newsome, 885 F.3d 203 (3d Cir. 2018) and Small v. Camden Cty., 728 F.3d 265 (3d Cir. 2013), the Court would consider exhaustion in its role as fact finder. (Doc. 42).

The Court will proceed directly to the motion for summary judgment and, for the reasons set forth below, grant the motion based on Plaintiff's failure to exhaust his administrative remedies prior to filing the action.

## II. Standard of Review

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fᴇᴅ. R. Cɪᴠ. P. 56(c); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original);

Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Id.; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). Although the moving party must establish an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim." Celotex, 477 U.S. 317, 323 (1986). It can meet its burden by "pointing out ... that there is an absence of evidence to support the nonmoving party's claims." Id. at 325.

Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); Wooler v. Citizens Bank, 274 F. App'x 177, 179 (3d Cir. 2008). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323; see also Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992). "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.'" Picozzi v. Haulderman, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting FED. R. CIV. P. 56(e)(2)). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving

party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. The adverse party must raise "more than a mere scintilla of evidence in its favor" and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989). The mere existence of some evidence in support of the non-movant will not be adequate to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. Anderson, 477 U.S. at 249–50.

## III. Statement of Material Facts

The BOP has established a multi-tier system enabling a federal prisoner to seek formal review of any aspect of his imprisonment. See 28

C.F.R. §542.10-542.19). Before seeking formal review, an inmate must attempt to informally resolve the issue with institutional staff by completing a BP-8 form. (Id. at §542.13). If informal resolution is unsuccessful, the inmate may present the issue to the Warden within twenty days of the date of the event giving rise to the administrative remedy request by filing a BP-9 form. (Id. at §542.14). The Warden has twenty days to respond. (Id. citing §542.18). An inmate dissatisfied with the Warden's response may submit an appeal on a BP-10 form to the BOP Regional Director within twenty calendar days. (Id. at §542.15(a)). The Regional Director has thirty days to respond to an appeal. (Id. at §542.18). If the Regional Director denies the appeal, the inmate may then appeal to the BOP's Central Office, General Counsel, by submitting a BP-11 form within thirty calendar days. (Id. at §542.15(a)). The Central Office has forty days to respond. (Id. at §542.18). No administrative remedy is considered fully exhausted until it is decided on its merits by the Central Office. (Id. at §§541.10-542.19).

Plaintiff's administrative remedy history reveals that while confined in BOP custody, Plaintiff has filed 203 administrative remedies. (Doc. 19-1 at 8-110). Plaintiff's last administrative remedy was filed on April 17, 2017. Id.

Plaintiff was housed at USP-Canaan on federal writ from February 22, 2022 to April 5, 2022. (Doc. 19-1 at 2). The events complained of in the instant action occurred in 2022. (Doc. 1).

On June 1, 2022, Millbrook filed Administrative Tort Claim NER- 2022-05203, regarding the claims made in this civil action. (Doc. 19-1 at 121, Administrative Tort Claim NER-2022-05203). On June 23, 2022, Regional Counsel acknowledge receipt of Millbrook's Administrative Tort Claim NER-2022-05203, and Millbrook was advised that they had six months from June 1, 2022 to respond. Id. at 8.

Since the filing of his last administrative remedy on April 17, 2017, Millbrook has filed no fewer than eight lawsuits. (Doc. 20-1).

**IV. Discussion**

Defendants seek an entry of summary judgment based on Plaintiff's failure to exhaust administrative remedies prior to initiating this action. (Doc. 20 at 17-23). Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner must pursue all available avenues of relief through the applicable grievance system before initiating a federal civil rights action. See 42 U.S.C.

- 7 -

§1997e(a); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997e provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under [S]ection 1983 of this title, or any other [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement is mandatory. Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); Booth, 532 U.S. at 742, (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); see also Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000) (holding that that PLRA's exhaustion requirement applies to Bivens claims).

The Third Circuit has further provided that there is no futility exception to Section 1997e's exhaustion requirement. See Nyhuis, 204 F.3d at 75-76. Courts have typically required across-the-board exhaustion by inmates seeking to pursue claims in federal court. See id. Additionally, courts have interpreted this exhaustion requirement as including a procedural default

component, holding that inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding with a claim in federal court. See Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir. 2006) (providing that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court"). Courts have also concluded that inmates who fail to complete the prison grievance process in a full and timely manner are barred from subsequently litigating claims in federal court. See, e.g., Booth v. Churner, 206 F.3d 289 (3d Cir. 2000); Bolla v. Strickland, 304 F. App'x 22 (3d Cir. 2008).

This broad rule favoring full exhaustion allows for a narrowly defined exception; if the actions of prison officials directly caused the inmate's procedural default as to a grievance, the inmate will not be required to strictly comply with this exhaustion requirement. See Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000); see also Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 154 (3d Cir. 2016) (holding that prison officials rendered plaintiff's administrative remedies unavailable when they failed to timely respond to his

grievance and ignored his follow-up requests for a decision). However, courts also recognize a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." Davis v. Warman, 49 F. App'x 365, 368 (3d Cir. 2002). Thus, an inmate's failure to exhaust will be excused only "under certain limited circumstances," Harris v. Armstrong, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." See Warman, 49 F. App'x at 368.

In the absence of competent proof that an inmate was misled by corrections officials, or some other extraordinary circumstances warranting a departure from strict compliance with the exhaustion requirement, courts frequently reject inmate requests for their failure to exhaust to be excused. An inmate, therefore, cannot excuse a failure to comply with these grievance procedures in a timely manner by simply claiming that his efforts constituted "substantial compliance" with this statutory exhaustion requirement. Harris, 149 F. App'x at 59. Furthermore, an inmate cannot avoid this exhaustion

requirement by merely alleging that the administrative policies were not clearly explained to him. Warman, 49 F. App'x at 368.

Plaintiff does not dispute the fact that his last administrative grievance was filed on April 17, 2017, and that he commenced this instant action prior to completion of the BOP's administrative remedy procedure. Plaintiff claims that he was prevented from exhausting those remedies because correctional officers at two separate facilities refused to provide him with the forms to make such administrative complaint. (Doc. 30). He also claims that staff twice told him not to file any lawsuits or grievances or risk being beaten. (Doc. 1). Millbrook's bald assertions, however, do not support creation of a material fact. See Sanders v. Downs, No. 3:08-1560, 2012 WL 6929267, *5 (M.D. Pa. November 5, 2012) ("At the summary judgment stage, bald assertions without additional support cannot survive."). Here, Millbrook hopes to create a material issue of fact with respect to exhaustion by claiming, without support, that correctional officers at two separate facilities conspired to keep him from filing administrative claims. However, Millbrook's failure to file administrative claims follows a course of conduct over the past six years, in which the inmate has made a deliberate choice to file litigation

rather than pursue the preferred administrative remedy course. The record before this Court reveals that Millbrook has filed no fewer than eight lawsuits since 2017. Although Millbrook alleges administrative remedies were unavailable due to threats of assault, these threats have not deterred him from filing suit. Moreover, Plaintiff's generic assertions of retaliation are further undermined by the fact that Plaintiff successfully filed an administrative tort claim over the same alleged conditions and conduct. This Court has previously found the filing of an administrative tort claim undercut plaintiff's contention that he was prevented from seeking administrative relief. Millbrook v. United States, 8 F. Supp. 3d 601, 611–13 (M.D. Pa. 2014).

The record simply does not support a finding that the administrative process was unavailable to Millbrook since his last filing in 2017, or that he was deterred from filing administrative remedies for the past six years.

The PLRA mandates exhaustion of available administrative remedies before bringing suit and it is beyond the power of this court to excuse compliance with that requirement. In light of the undisputed facts and relevant evidence of record, the Court concludes that Millbrook has failed to produce any evidence to overcome Defendants' summary judgment motion.

Millbrook's failure to exhaust available administrative remedies prior to bringing this action compels an entry of summary judgment in favor of Defendants.

## V. Conclusion

Based on the above, Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, will be granted.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 29, 2024**
22-2007-01

- 13 -